## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street SW, Suite 800<br>Washington, DC 20024,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.      Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

agencies' responses and disseminates both its findings and the requested records to the American

public to inform them about "what their government is up to."

4.      Defendant U.S. Department of Justice ("DOJ") is an agency of the United States

Government.  Defendant has possession, custody, and control of records to which Plaintiff seeks

access.  Defendant is headquartered at 950 Pennsylvania Avenue, NW, Washington, DC 20530-

0001.

## STATEMENT OF FACTS

5.      On August 28, 2022, Plaintiff submitted a FOIA request to the Federal Bureau of

Investigation ("FBI"), a component of Defendant, seeking access to the following public records:

> 1.      All alerts, notifications, advisories, foreign threat
> indicators, or similar records provided by any official or
> employee of the FBI to any officer or employee of Meta
> (formerly Facebook), Twitter, or any other social media
> company regarding the threat of disinformation
> disseminated by foreign actors related to any U.S. election.
>
> 2.      All records of communication between any official or
> employee of the FBI and any officer or employee of Meta,
> Twitter, or any other social media company regarding the
> laptop reportedly used by Hunter Biden, any news media
> reporting regarding the laptop and/or its contents, and/or
> the provenance of any information contained in any such
> reporting.

The request was submitted via the FBI's e-FOIPA system and therefore received the same day it

was submitted.  The time frame for the request was identified as "January 1, 2020 to the

present."

6.      By letters dated September 12, 2022, the FBI acknowledged receipt of the request

via the agency's e-FOIPA system and advised Plaintiff that the first part of the request had been

assigned tracking number FOIPA Request No. 1559391-000 and the second part of the request

had been assigned tracking number FOIPA Request No. 1559386-000.

7.     Plaintiff has received no further communication from the FBI or any other component of Defendant regarding the August 28, 2022 request.

8.     As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with Plaintiff's requests; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

### COUNT I
**(Violation of FOIA, 5 U.S.C. § 552)**

9.     Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10.     Defendant is violating FOIA by failing to produce all records responsive to Plaintiff's request or demonstrate that the requested records are lawfully exempt from production.

11.     Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

12.     To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's requests by September 26, 2022 at the latest. Because Defendant failed to make a final determination on Plaintiff's requests within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to demonstrate that it employed search methods reasonably calculated to uncover all records responsive to Plaintiff's requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to the requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and

all non-exempt records responsive to the requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to  5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: January 11, 2023

Respectfully submitted,

/s/ Paul J. Orfanedes
Paul J. Orfanedes
D.C. Bar No. 429716
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:    (202) 646-5172
Email:  porfanedes@judicialwatch.org

Counsel for Plaintiff